# RECEIVED

Michael J. Holmes

MAY **2 6** 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

1431 Delgado Street

San Antonio, TX 78207

(626) 373-4331

Plaintiff Pro Se Litigant

# SA21CA0498 FB

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## SAN ANTONIO DIVISION

Michael J. Holmes

           Plaintiff(s),

  vs.

Richard B. Farrer

           Defendants

Civil Docket No.

Verified Complaint

Complaint For:

Violation of the

Plaintiffs 14th Amendment

Rights

### Introduction

This suit is being filed under Title 42 United States Code Standard 1983 ("Section 1983") alleging violations of the Plaintiffs Fourteenth Amendment equal protection rights . This lawsuit request for injunctive relief and declaratory relief.

The Defendant has violated the Plaintiffs Fourteenth Amendment, equal protection rights, during a pending lawsuit which has caused a controversy. The defendant actions are controversial, with four pending lawsuits that each have different controversial claims.

Denial of the Plaintiffs constitutional and civil rights are not a judicial function and conflicts with any definition of a judicial function.

This complaint will include case references and cases where judges were held accountable when their knowing and willing action fell outside the boundaries of their job description. That failure to follow simple guidelines of their position makes a judges actions no longer a judicial act but an individual act as the act represents their own prejudices and goals .

Case law states that when a judge acts as a trespasser of the law, when a judge does not follow the law, they lose subject matter jurisdiction and the judge's orders are void , of no legal force or affect.

Monetary Damages can be recovered from a judge if the Plaintiff can prove that the judge acted beyond his or her legal; jurisdiction . It is in fact possible to obtain **relief in equity** against a judge.

## Jurisdictional Basis

I. Plaintiff claims federal jurisdiction pursuant to Article III  which extends the jurisdiction to cases arising under the U.S. Constitution.

II. Plaintiff brings this suit against the Defendant, pursuant to title **42 U.S. Code 1983** for violations of protections, guaranteed to him by fourteenth amendment of the federal constitution.

III. Plaintiff Michael J Holmes is a natural person residing at 1431 Delgado Street, San Antonio TX 78207

IV. Defendant is Richard B. Farrer. 655 E. Cesar E. Chavez Blvd., San Antonio, TX 78206

The Plaintiff alleges the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United  States Constitution or a federal statue.

## Statement of Case

**Title 42 U.S. Code 1983** Every person who,  under color of any statue, ordinance, regulation custom or usage of any state of territory subjects, or causes subjected to , any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law and suit in equity.

Due to the negligent act of the Defendant, the controversy between the Plaintiff and Defendant has intensified and will continue to intensify which will cause irreparable harm and a inadequacy

of damages to the Plaintiff. Due to the negligent act of the Defendant the controversy between the Plaintiff and the City of San Antonio Airport, the City Of San Antonio, James Knopp and the Coty of San Antonio Office Of Risk Management has intensified and caused irreparable harm and a inadequacy of damages to the Plaintiff.

The controversy surrounding the Defendants actions include:

1) Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under Sarbanes -Oxley Act-Anyone who knowingly falsifies documents to "Impede, obstruct, or influence " an investigation shall be fined or face a prison sentence of up to 20 years (www.county.org, www.waltsanchez.com/blog). Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or company. Falsifying documents is a criminal offense that involves the altering, changing, modifying , passing or possessing of a document for an unlawful purpose.

It is considered a white collar crime and it can be included as part of other collateral crimes (Legal match-Law Library-Article). In Texas , it is illegal to use false information to alter, create , or sign a document for the purpose of harming or defrauding a person (Forgery-Tampering with a Government Record). You may be arrested for falsifying documents if you engage in any of the following Activities a) Altering or misrepresenting factual information and or destroying information material to an investigation (TACA Annual Conference Falsification of a Government Document).

2) Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a government document/record. When a person Intentionally destroys, conceals, removes, or otherwise impairs the verity of a government record. "ORR". Makes presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine government record (www.codes.findlaw.com).

3)<u>Fraud</u> is any illegal act characterized by deceit, concealment, or violation of trust.

~~4) Forgery is creating or altering a document with the intent to defraud someone. Altering document without the permission such as changing the date or time on a document (www. texasdefensefirm.com)~~

5) 49 CFR 1570.5- Fraud and intentional falsification of records.No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent or intentionally false statement in any record or report that is kept, made, or used to show compliance with the subchapter, or exercise any privileges under this chapter. (b) Any reproduction  or alteration, for fraudulent purpose, of any record, report, security program , access medium, or identification medium issued under this subchapter or pursuant to standards in the subchapter (www.law.cornell.edu).

6)<u>Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury</u>.  The person commits perjury if the false statement is made in connection with an official proceeding.  This offense, under this section is a felony of the third degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

7)<u>Public Corruption</u> is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices.  By broad definition of a government official, whether elected, appointed or hired may violate federal law when he/she asks, demands, solicits, accepts, or agrees to receive anything of value in return for being influenced in the performance of their official duties (www.law.cornell.edu).

---

## First Controversial issue

The Defendant stated "Holmes contends he sustained injuries in the accident and the city of San Antonio wrongfully denied his claim. For bodily injuries".

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. HOLMES, | § | |
| | § | |
| Plaintiff, | § | 5-21-CV-00267-OLG-RBF |
| | § | |
| vs. | § | |
| | § | |
| CITY OF SAN ANTONIO AIRPORT, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| --------------------------------------- | § | |
| MICHAEL J. HOLMES | § | |
| | § | |
| Plaintiff, | § | 5-21-CV-00275-OLG-RBF |
| | § | |
| vs. | § | |
| | § | |
| JAMES KNOPP, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

To the Honorable Chief United States District Judge Orlando Garcia:

This Report and Recommendation concerns the above-styled actions, which were referred for disposition of Plaintiff Michael J. Holmes's motions to proceed *in forma pauperis* and an initial review of the pleadings under 28 U.S.C. § 1915(e). The Court has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that these cases be consolidated for all purposes.

### Factual and Procedural Background

Plaintiff Michael J. Holmes, proceeding *pro se*, filed the instant actions on March 16, 2021, by filing motions to proceed *in forma pauperis* and proposed Complaints. Aside from naming separate defendants, Holmes's proposed Complaints are identical. Both Complaints

1

assert a claim via 42 U.S.C. § 1983, in addition to raising various state and federal causes of action. They also both contain factual allegations regarding a car accident at the San Antonio Airport on January 12, 2021. Holmes contends he sustained injuries in the accident and the City of San Antonio wrongfully denied his claim for bodily injuries upon finding that Holmes failed to notify the City of the claim within 90 days of the accident, as required by the San Antonio City Charter.

In addition to the above two referenced lawsuits, Holmes has filed two other actions with identical motions to proceed *in forma pauperis* and identical proposed Complaints against two other Defendants—the City of San Antonio Office of Risk Management (5-21-CV-276-JKP-ESC), and the City of San Antonio (5-21-CV-274-FB-RBF). Pending in those two cases are recommendations that the cases should be consolidated into one action and transferred to the docket of this District Court. The Court finds that consolidation of all four cases filed by Holmes is appropriate.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The Fifth Circuit has urged district judges "to make good use of Rule 42(a) in order to expedite . . . trial and eliminate unnecessary repetition and confusion," even when the actions contemplated are opposed by the parties. *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)). Consolidation is widely permitted, "as a matter of convenience and economy,"

2

The City Of San Antonio did not deny the Plaintiffs bodily injury claim.  The City Of San

Antonio Office Of Risk management denied the Plaintiffs injury claim.



**City of San Antonio**
**Office of Risk Management**

Michael Holmes
1431 Delgado St
San Antonio, TX 78207

February 3, 2021

RE:      Claim Number:      21838071
         Date of Loss:      01/13/2020
         Claimant Name:     Michael Holmes

Dear  Mr. Holmes,

This letter is to inform you that we have received and reviewed your first notice of loss and have
completed the investigation into your claim.

Part of our responsibility to the City of San Antonio is to determine which claims the City is
legally liable for. After careful examination of the circumstances surrounding the facts of this
accident, we now have sufficient evidence to determine that the City was not notified of the
claim within the 90 days required and in accordance with the City Charter Section 150.

Therefore, based on this information we must respectfully inform you that your claim for bodily
injuries is denied.

If you have any other questions please feel free to contact me at (210) 207-7384. I thank you for
your cooperation in this matter.

Sincerely,

*Megan Walker*

Megan Walker
Claims Adjuster
Phone: 210-207-7384

CC:      File

Mailing Address P.O. Box 839966, San Antonio, Texas 78283
Fax: 210-207-4064

The Plaintiff never stated that the City Of San Antonio denied the Plaintiffs claim.  The City of San Antonio provided a letter to the James Knopp to prevent the airport video footage and the officers body cam footage from being released pursuant to the Plaintiffs request to receive them.

## The Controversy is:

The Defendant intentionally changed and modified the statement on the Plaintiffs complaint.  The Defendant  changed and modified the information in the Plaintiffs complaint with the intention of misleading the federal court. The Defendant knowingly made a false entry regarding the Plaintiffs complaint. The Defendant violated the Plaintiffs trust by engaging in actions of deceit and concealment of the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false statement on a/any record that is kept  (Report and Recommendation order on March 30th 2021 and on the order, ordered on May 7th, 2021).

The Defendants action are a breach of public trust and abuse the Defendants position. The Defendant made a false statement in connection to an official proceeding.

Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or company.

Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a government document/record

Fraud is any illegal act characterized by deceit, concealment, or violation of trust.

49 CFR 1570.5- Fraud and intentional falsification of records.No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false statement in any record or report that is kept

<u>Public Corruption</u> is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices

<u>Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury</u>.  The person commits perjury if the false statement is made in connection with an official proceeding.  This offense, under this section is a felony of the third degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

---

The Defendant had the exhibits that showed that the City OF San Antonio  Office of Risk Management made this decision and not the City Of San Antonio.

---

## Second Controversial issue

 In the Defendants order the Defendant states " In the letter, Kopp claimed that the airport's surveillance video was exempt from disclosure pursuant to Texas Government Code 552.108(b)(1), 552.101, and 418.176 Through 182".  The City of San Antonio submitted a letter to James Knopp on February 11th, 2020 explaining to James Knopp that the City Of San Antonio was  exempt from disclosures pursuant to Texas Government Code 552.108(b)(1), 552.101, and 418.176 through 481.182.

# CITY OF SAN ANTONIO

OFFICE OF THE CITY ATTORNEY
James Kopp, Assistant City Attorney
Phone No.: (210) 207-8992 / Fax No.: (210) 297-8373
Email: james.kopp@sanantonio.gov

Public Safety Headquarters, 315 S. Santa Rosa, 6th Fl.
San Antonio, Texas 78207

February 11, 2020

Office of the Attorney General
Open Government Section
P.O. Box 12548
Austin, Texas 78711-2548

**Via First Class Mail**

Re:     Request for Ruling
         Requestor: Michael Holmes
         Date request received: January 28, 2020
         COSA File No. W302997

Dear Assistant Attorney General:

January 28, 2020, the City of San Antonio received a public information request from Michael Holmes, which requested a video recording from the San Antonio Airport [Attachment 1]. By this Request for a Ruling, the city now submits the records at issue, and legal argument supporting the application of the exceptions claimed [Attachment 2].

## Arguments and Authorities

**Sections 552.108(b)(1) and 552.101 (Confidential Information)(Gov't Code Sections 418.176 – 182)**

Section 552.108(b)(1) protects from disclosure information that if released would interfere with law enforcement or prosecution. Section 552.101 of the Public Information Act excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Sections 418.176 through 481.182 of the Government Code provide that certain information is confidential if it is maintained to prevent, detect or investigate an act of terrorism or related criminal activity.     Section 418.181 relates to the "technical details of particular vulnerabilities of critical infrastructure to an act of terrorism." The video images recorded by the City of San Antonio at the San Antonio Airport contain information that relates to the specifications of a security system used to protect public property from an act of terrorism or related criminal activity. Accordingly, the video at issue here is confidential and excepted from disclosure. Specifically, releasing the video would reveal the scope and range of view for the camera(s) in question as well as the resolution of the image, which a terrorist or other criminal could use to plan an attack or effectively plan to conceal an item undetectable by the camera's resolution. It should therefore be protected from release.

**Section 552.101 (Occupations Code Section 1701.661(a))(Body Camera)**

Occupations Code Section 1701.661(a) provides that in requesting body camera information, a member of the public is required to provide the date and approximate time of the recording, the specific location of the recording and the name of one or more persons who are the subject of the recording. Requestor has not provided this information.

**Conclusion**

For the reasons set forth in this letter, the city seeks a ruling from the Office of the Attorney General to protect the enclosed records from disclosure.

Sincerely,

James Kopp
Assistant City Attorney

cc:    Michael Holmes                         **Via E- Mail (without enclosures)**



**The Controversy is:**

The Defendant intentionally changed and modified the statement on the Plaintiffs complaint and

exhibits. The exhibit show  the City Of San Antonio was  exempt from disclosures pursuant to

Texas Government Code 552.108(b)(1), 552.101, and 418.176 through 481.182 the Defendant

changed and modified the information to now state the City OF San Antonio is exempt from

disclosure pursuant to Texas Government Code 552.108(b)(1), 552.101, and 418.176 Through

**182"**

The Defendant changed and modified the information in the Plaintiffs complaint with the intention of

misleading the federal court. The Defendant knowingly made a false entry regarding the Plainitffs

complaint. The Defendnat violated the Plaintiffs trust by engaging in actions of deciet and concelment of

the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false

statement in (any record that is kept). The Defendants action are a breach of public trust and abuse the

Defendants position. The Defendant made a false statement in connection to an official proceeding.

Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under

Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information

on a document with the intention of misleading a person or company.

Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a

government document/record

Fraud is any illegal act characterized by deceit, concealment, or violation of trust.

49 CFR 1570.5- Fraud and intentional falsification of records.No Person may make cause to be made,
attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false
statement in any record or report that is kept

Public Corruption is a white collar crime- Public Corruption involves a breach of public trust and/ or
abuse of position by federal, state, or local officials and their private sector accomplices

Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury.  The person commits perjury if the false statement is

made in connection with an official proceeding.  This offense, under this section is a felony of the third

degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg.,

ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

## Third Controversial issue

"Further, according to Kopp, Holmes wasn't entitled to the body camera footage because he failed to provide the date and approximate time of the recording , the specific location of the recording , and the name of th e persons who are subject to the recording"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MICHAEL J. HOLMES,

        *Plaintiff,*

vs.

CITY OF SAN ANTONIO AIRPORT,
JAMES KNOPP, CITY OF SAN
ANTONIO OFFICE OF RISK
MANAGEMENT,  CITY OF SAN
ANTONIO,

        *Defendants.*

5-21-CV-00267-OLG-RBF
(CONSOLIDATED WITH 5-21-CV-274,
5-21-CV-275, 5-21-CV-276)

### ORDER

Before the Court is pro se Plaintiff Michael J. Holmes's Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint. *See* Dkt. No. 1. The Application was automatically referred for disposition pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed In forma Pauperis for the San Antonio Division of the Western District of Texas. Authority to enter this Order stems from 28 U.S.C. § 636(b)(1)(A). Holmes seeks leave to proceed *in forma pauperis* (IFP) based on an inability to afford court fees and costs.

Having considered the IFP application and documentation provided by Holmes, the Court GRANTS his request to proceed IFP. Dkt. No. 1. Holmes's case, however, appears to be subject to dismissal as frivolous and for failure to state a claim on which relief may be granted.

### Factual and Procedural Background

On March 15 and 16, 2021, Plaintiff Holmes, proceeding pro se, instituted the four above-referenced cases, complaining about injuries he allegedly suffered stemming from a car

1

accident at the San Antonio Airport on January 12, 2020. In the interest of judicial efficiency, the cases have been consolidated for all purposes.

According to Holmes's proposed civil Complaints, non-party Khan Khansikander crashed into Holmes after following the directions of the San Antonio Airport staff who told Khansikander to proceed. Shortly thereafter, Holmes submitted a public-information request for the surveillance video and body camera footage that allegedly captured the incident.

On February 11, 2020, San Antonio Assistant City Attorney James Kopp submitted a letter to the Office of the Attorney General seeking to prevent the videos from disclosure. In the letter, Kopp claimed that the Airport's surveillance video was exempt from disclosure pursuant to Texas Government Code §§ 552.108(b)(1), 552.101, and 418.176 through 182. Specifically, Kopp explained that releasing the video "would reveal the scope and range of view for the camera(s) in question a well as the resolution of the image, which a terrorist or other criminal could use to plan an attack or effectively plan to conceal an item undetectable by the camera's resolution." Further, according to Kopp, Holmes wasn't entitled to the body camera footage because he failed to provide the date and approximate time of the recording, the specific location of the recording, and the name of the persons who are subject to the recording in accordance with Texas Occupations Code Section 170.661(a). The status of Holmes's public information request is unclear.[1]

On February 3, 2021, the City of San Antonio Office of Risk Management denied Holmes's claim for bodily injury. According to the City, Holmes failed to notify it of the claim within 90 days, as required by the City Charter Section 150.

Holmes now sues (1) the City of San Antonio Airport for failing to properly direct traffic on January 12, 2020; (2) the City of San Antonio for refusing to provide Holmes with a copy of

[1] On February 28, 2020, the City informed Holmes that it closed a duplicate request for the information because the request was pending before the Office of the Attorney General.

2

**IT IS FURTHER ORDERED THAT** within twenty-one **(21) days** from the date of this order Holmes shall file a more definite statement of the claims he seeks to present to this Court against each Defendant.

**IT IS FINALLY ORDERED** that the Clerk shall send a Copy of this Order to Holmes by Regular Mail and Certified Mail, return receipt requested.

**IT IS SO ORDERED**.

SIGNED this 7th day of May, 2021.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

9

The Defendant did not state on the order that the Plaintiff submitted exhibits with the Plaintiffs

complaint that show after the Plaintiff submitted another request with the information, sought by

the City Of San Antonio, the City of San Antonio closed the case because the City of San

Antonio stated that the second request was a duplicate of the first request.

## Don't wait in line.  Order your report online!

Simply go to the city website at **www.sanantonio.gov**, scroll to the bottom of the website and select "**Open Records**," then select the "**Submit a Request**" icon and follow the steps to "**Create an Account.**" If you do not have access to a computer, please feel free to submit this form as your request.

### What you should know

**Name Searches:**
Requesting records based upon a person's name may constitute a criminal history background check.  SAPD Form 3155 is required to provide notarized consent from the person with the criminal history for all criminal history background checks.

**Reports Prior to 2005:**
Requests for police reports may be conducted dating back to 2005 based on the report number.  Any police report prior to 2005 requires the exact date and address of the occurrence.

**Traffic Accident Reports:**
Texas Transportation Code Sec. 550.065(c)(4) restricts the release of unredacted crash reports to persons directly concerned in the accident or having a proper interest therein. A crash report with redactions made **(the public portion)** under Sec. 550.065(f)(2) may be released to any person. A person requesting a crash report must submit a SAPD Crash Report Request Form SAPD Form *CRB-3 REQ (07-21-15)*.

**Confidential Information:**
To ensure that privacy concerns are protected and legal standards are met, the City may object to the following types of report data being made available to the public.  Among the exclusions are:
1.  Sexually oriented reports
2.  Reports involving juveniles / children / minors
3.  Reports with suspects and witness information **(information on people not arrested)**
4.  Attempted Suicide reports
5.  Emergency Detention reports
6.  Information regarding active criminal investigations

Voluminous requests may be subject to labor fees ($15.00 per hour plus overhead).  You will be notified of any fees, which must be paid prior to release of any records.

The San Antonio Police Department Records Office will make every effort to get the information that you request to you immediately.  The time taken to process your request will vary depending on the volume of requests received by the Records Office.  The San Antonio Police Department reserves the right to seek a ruling from the Texas Office of the Attorney General regarding the release of any records. If such a ruling is sought, the Records Office will notify you of that fact within ten (10) business days, excluding weekends and city closures.

For police reports related to a pending criminal prosecution, the City can object to release of the report.  However, except for cases involving a minor, the public portion of the report may be released.  The public portion of a report includes:
a.  The basic information of the arrested person(s)
b.  The basic information of the victim/complainant/reporting person
c.  The basic narrative

The public portion of a report (in most cases) **does not** include:
a.  The date of birth, phone number, and personal information of an arrested person.
b.  Any details of a suspected person(s) (a person that was not arrested).
c.  Any other details of the victim/complainant/reporting person other than their name, age, and description.
d.  Any details of any witnesses.

**By signing my name below, I certify that I have read and understand the above information. At this time, I am requesting the: (public ☐ / non-public ☐) portion of the report. (Check or mark a box)**

Signature

SAPD FORM 133-FOIA  Rev. (04-19-16)

Please fill out the below listed information, print clearly, and include as much information as possible to ensure this request is processed efficiently:

1. Date of Request: 2/14/2020

2. Name of the Requestor: Marcel Holmes

3. Send the information to me by: Email / US Mail / I Will Pick Up (Circle One)

4. Requestor's Email Address: mha07058200 gmc.com

5. Requestor's Address: _____

   City: _____ State: _____ Zip Code: _____

6. Requestor's Phone: (026)373-4331

7. Requestor's Company Name (If Applicable): _____

8. I Want: an Offense Report / a Traffic Accident Report (Circle All that Apply)

9. SAPD Case Number: SAPD2000 9289
   (This is usually provided by an SAPD Officer on a business card on the day of Incident. Providing this information will greatly expedite your request).

10. Date of the Incident: 01/13/2020
    (This is mandatory for any records prior to the year 2005).

11. Approximate Time of the Incident: 18 55 am/pm (Circle one)

12. Name and Date of Birth of Complainant, Victim or Drivers Involved: Marcel Holmes
    09/05/82

13. The Address, Block or Intersection of Where the Police were Dispatched to: Block 9800
    Street @ Airport terminal Dr

14. The Phone Number Used to Dial 911 (If Applicable): _____

15. If the information you want is not listed as an option, please give a detailed description of the information that you
    seek: I will like a copy of the video footage of the accident from the airport. I will like a copy of the officers video. Officer are Guillamed #9583 and S. Miranda #9985. The address of the officers video. Officer are Guillamed #9583 and S. Miranda #9985. The address of was on Block 9800 Street Airport Dr at approxmatly 18:55pm. Michael Holmes Juvenile was hit by another driver. This occured on 1/13/2020

**OFFICE USE ONLY** - Documents provided/verified at time of request

Received/verified by: _____

☐ Birth certificate/court order: Parent _____

☑ Driver's License   ☐ Other _____

CA # D5387690



# City of San Antonio

02/28/2020

**<u>Via EMail</u>**
Michael Holmes

RE:   Response to Public Information Request
         COSA ORR No: W305924-021420

Dear Michael Holmes,

*This request will be closed as a duplicate request to your request W302997 which is pending a ruling from the Office of the Attorney General.  The arguments that were submitted to the Office of the Attorney General also apply to this request that is being as a closed a duplicate.*

Information Requested: Police Records Request -
SAPD20009289
1/13/2020
Michael Holmes 7/5/82

## The controversy is

The second request had the information the City of San Antonio stated that the request did not

have and that was one reason why the City Of San Antonio denied the Plaintiffs request for the

airport video footage and the body cam footage of the officers at the scene that took the report.

The Defendant intentionally changed and modified the statement on the Plaintiffs complaint. The

Defendant changed and modified the information in the Plaintiffs complaint with the intention of

misleading the federal court. The Defendant knowingly made a false entry regarding the Plaintiffs

complaint. The Defendant violated the Plaintiffs trust by engaging in actions of deceit and concealment

of the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false

statement in (any record that is kept). The Defendants action are a breach of public trust and abuse the

Defendants position. The Defendant made a false statement in connection to an official proceeding.

Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under

Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information

on a document with the intention of misleading a person or company.

Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a

government document/record

Fraud is any illegal act characterized by deceit, concealment, or violation of trust.

49 CFR 1570.5- Fraud and intentional falsification of records.No Person may make cause to be made,
attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false
statement in any record or report that is kept

Public Corruption is a white collar crime- Public Corruption involves a breach of public trust and/ or
abuse of position by federal, state, or local officials and their private sector accomplices

Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury.  The person commits perjury if the false statement is

made in connection with an official proceeding.  This offense, under this section is a felony of the third

degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

---

## Fourth Controversial issue

The Defendant states "the City of San Antonio Office of Risk Management denied Holmes's claim for bodily injury . According to the *__City__*, Holmes failed to notify them of the claim within 90 days , as required by the City Charter Section 150".

accident at the San Antonio Airport on January 12, 2020. In the interest of judicial efficiency, the cases have been consolidated for all purposes.

According to Holmes's proposed civil Complaints, non-party Khan Khansikander *[handwritten: claim]* crashed into Holmes after following the directions of the San Antonio Airport staff who told Khansikander to proceed. *[handwritten: claim]* Shortly thereafter, Holmes submitted a public-information request for the surveillance video and body camera footage that allegedly captured the incident.

*[handwritten: claim]* On February 11, 2020, San Antonio Assistant City Attorney James Kopp submitted a letter to the Office of the Attorney General seeking to prevent the videos from disclosure. *[handwritten: Claim Perjury]* In the letter, Kopp claimed that the Airport's surveillance video was exempt from disclosure pursuant to Texas Government Code §§ 552.108(b)(1), 552.101, and 418.176 through 182. Specifically, *[handwritten: left out information]* Kopp explained that releasing the video "would reveal the scope and range of view for the camera(s) in question a well as the resolution of the image, which a terrorist or other criminal could use to plan an attack or effectively plan to conceal an item undetectable by the camera's resolution." Further, according to Kopp, Holmes wasn't entitled to the body camera footage because he failed to provide the date and approximate time of the recording, the specific location of the recording, and the name of the persons who are subject to the recording in accordance with Texas Occupations Code Section 170.661(a). The status of Holmes's public information request is unclear.[1] *[handwritten: False & I provided the evidence to show]*

*[handwritten: claim]* On February 3, 2021, the City of San Antonio Office of Risk Management denied Holmes's claim for bodily injury. According to the City, Holmes failed to notify it of the claim within 90 days, as required by the City Charter Section 150. *[handwritten: Key Information is left out of this description]* *[handwritten: claim]* Holmes now sues (1) the City of San Antonio Airport for failing to properly direct traffic *[handwritten vertical: left information + out]* on January 12, 2020; (2) the City of San Antonio for refusing to provide Holmes with a copy of

[1] On February 28, 2020, the City informed Holmes that it closed a duplicate request for the information because the request was pending before the Office of the Attorney General.

*[handwritten: left information out]*

2

The City of San Antonio never made that statement.  The City of San Antonio Office Of Risk Management made that statement.



**City of San Antonio**
**Office of Risk Management**

*Michael Holmes*
*1431 Delgado St*
*San Antonio, TX 78207*

*February 3, 2021*

RE:      Claim Number:      *21838071*
         Date of Loss:       *01/13/2020*
         Claimant Name:      *Michael Holmes*

Dear *Mr. Holmes,*

This letter is to inform you that we have received and reviewed your first notice of loss and have completed the investigation into your claim.

Part of our responsibility to the City of San Antonio is to determine which claims the City is legally liable for. After careful examination of the circumstances surrounding the facts of this accident, we now have sufficient evidence to determine that the City was not notified of the claim within the 90 days required and in accordance with the City Charter Section 150.

Therefore, based on this information we must respectfully inform you that your claim for bodily injuries is denied.

If you have any other questions please feel free to contact me at (210) 207-7384. I thank you for your cooperation in this matter.

Sincerely,

*Megan Walker*

**Megan Walker**
Claims Adjuster
Phone: 210-207-7384

CC:      File

Mailing Address P.O. Box 839966, San Antonio, Texas 78283
Fax: 210-207-4064

## The controversy is

The Defendant intentionally changed and modified the statement on the Plaintiffs complaint.  The

Defendant  changed and modified the information in the Plaintiffs complaint with the intention of

misleading the federal court. The Defendant knowingly made a false entry regarding the Plaintiffs

complaint. The Defendant violated the Plaintiffs trust by engaging in actions of deceit and concealment

of the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false

statement in (any record that is kept). The Defendants action are a breach of public trust and abuse the

Defendants position. The Defendant made a false statement in connection to an official proceeding.

Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under

Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or company.

Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a government document/record

Fraud is any illegal act characterized by deceit, concealment, or violation of trust.

49 CFR 1570.5- Fraud and intentional falsification of records. No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false statement in any record or report that is kept

Public Corruption is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices

Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury.  The person commits perjury if the false statement is made in connection with an official proceeding.  This offense, under this section is a felony of the third degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

---

## Fifth Controversial issue

The Defendant states,  Holmes submitted a request to the City of San Antonio,  for the  airport video footage that allegedly captured the incident at the San Antonio Airport after Khan Khansikander hit Holmes with his vehicle, following the directions of the San Antonio Airport Staff.

accident at the San Antonio Airport on January 12, 2020. In the interest of judicial efficiency, the cases have been consolidated for all purposes.

According to Holmes's proposed civil Complaints, non-party Khan Khansikander crashed into Holmes after following the directions of the San Antonio Airport staff who told Khansikander to proceed. Shortly thereafter, Holmes submitted a public-information request for the surveillance video and body camera footage that allegedly captured the incident.

On February 11, 2020, San Antonio Assistant City Attorney James Kopp submitted a letter to the Office of the Attorney General seeking to prevent the videos from disclosure. In the letter, Kopp claimed that the Airport's surveillance video was exempt from disclosure pursuant to Texas Government Code §§ 552.108(b)(1), 552.101, and 418.176 through 182. Specifically, Kopp explained that releasing the video "would reveal the scope and range of view for the camera(s) in question a well as the resolution of the image, which a terrorist or other criminal could use to plan an attack or effectively plan to conceal an item undetectable by the camera's resolution." Further, according to Kopp, Holmes wasn't entitled to the body camera footage because he failed to provide the date and approximate time of the recording, the specific location of the recording, and the name of the persons who are subject to the recording in accordance with Texas Occupations Code Section 170.661(a). The status of Holmes's public information request is unclear.[1]

On February 3, 2021, the City of San Antonio Office of Risk Management denied Holmes's claim for bodily injury. According to the City, Holmes failed to notify it of the claim within 90 days, as required by the City Charter Section 150.

Holmes now sues (1) the City of San Antonio Airport for failing to properly direct traffic on January 12, 2020; (2) the City of San Antonio for refusing to provide Holmes with a copy of

_____
[1] On February 28, 2020, the City informed Holmes that it closed a duplicate request for the information because the request was pending before the Office of the Attorney General.

2

The City of San Antonio knew about the accident on February 11th, 2020 and the City of San Antonio, sent the letter to James Knopp to make sure the video could not be released the case will be closed.

---

## Sixth Controversial issue

The Defendant states that the Plaintiff declares under perjury that that the Plaintiff has no cash or money in the Plaintiffs checking or saving account. That is false.

*IFP Application.* All parties instituting any civil action, suit, or proceeding in a district court of the United States (except an application for a writ of habeas corpus) must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The District Court also generally imposes an administrative fee of $50.00.[2] The Court, however, may waive the initial filing fee and costs where a plaintiff submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners). When evaluating a request to proceed IFP, a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).

Holmes declares under penalty of perjury that in the past 12 months he has received $11,600 as an Uber delivery driver. He has no cash or money in a checking or savings account, and other than owning land worth $100 and a home valued at approximately $1,000 in Detroit, Holmes claims to own no other assets of value. At the same time, Holmes claims to have $483 in regular mandatory monthly expenses and owe $360 in debt. This information demonstrates that denying Holmes IFP status in this case would result in an undue financial hardship to him. Accordingly, the Court will grant Holmes application to proceed IFP.

*Section 1915(e).* Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are:

[2] *See* https://www.txwd.uscourts.gov/court-information/fee-schedule/.

4

The document below shows that the Plaintiff wrote the Plaintiff has $42.00 in the Plaintiffs checking account.

Attachment 4 - Motion to Proceed *in Forma Pauperis*

AO 240   (Rev. 01/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

RECEIVED

MAR 1 8 2021

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____

## UNITED STATES DISTRICT COURT
for the
Western District of Texas

Michael J Holmes
*Plaintiff*
v.
James Kopp
*Defendant*

Civil Action No.

SA21CA0275 OG

### APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:



My take-home pay or wages are: _____ per *(specify pay period)* _____

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☑ Yes | ☐ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☐ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☐ No |
| (e) Gifts, or inheritances | ☐ Yes | ☐ No |
| (f) Any other sources | ☐ Yes | ☐ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

I am a Uber delivery driver. In the past 12 months I have received approximately #11,600.00 and I expect for that amount to increase. I am not sure how much it will increase by due to, what is going on with COVID. My faith tells things will be okay.

Rev. Ed. October 26, 2017

33

AO 240   (Rev. 01/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.   Amount of money that I have in cash or in a checking or savings account:

*42.00*

5.   Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*: In 2016 I purchased land for #100.00 and a home for #1,600.00 in Detroit. I do not know the current value

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

Telephone bill - #102.00
Utilities bill - #89.00
Water bill - #32.00
Insurance bill - #260.00

7.   Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8.   Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

CPS - #280.00
Water - #80.00

*Declaration:*   I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date:   3/16/2021

_____
Applicant's signature

Rev. Ed. October 26, 2017                                                                                    34

## The controversy is:

The Defendant intentionally changed and modified the statement on the Plaintiffs complaint.  The

Defendant  changed and modified the information in the Plaintiffs complaint with the intention of

misleading the federal court. The Defendant knowingly made a false entry regarding the Plaintiffs

complaint. The Defendant violated the Plaintiffs trust by engaging in actions of deceit and concealment

of the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false

statement in (any record that is kept). The Defendants action are a breach of public trust and abuse the Defendants position. The Defendant made a false statement in connection to an official proceeding.

<u>Falsification of a Government Document</u>. Chapter 73 of Title 18 of the United States Code under Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or company.

<u>Penal Code 37.10 Tampering with a Government Record </u>is knowingly making a false entry in a government document/record

<u>Fraud </u>is any illegal act characterized by deceit, concealment, or violation of trust.

<u>49 CFR 1570.5- Fraud and intentional falsification of records.</u> No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false statement in any record or report that is kept

<u>Public Corruption</u> is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices

<u>Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury</u>.  The person commits perjury if the false statement is made in connection with an official proceeding.  This offense, under this section is a felony of the third degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

---

This is action by the Defendant  causes the Plaintiff to fear being placed in custody for a answer the Defendant under the identity, of the Plaintiff (because it was Plaintiffs signature that confirmed the document as being the truth). The penalty for committing perjury is a

misdemeanor, one year in jail and or a fine up to $4,000.00.  Due to the action of the Defendant

the San Antonio Police Department can arrest the Plaintiff at any time due to the Defendants

Negligent and controversial actions.

---

## Seventh Controversial issue

In the Defendants order it references a person named James Kopp  throughout the order and not

James Knopp.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| MICHAEL J. HOLMES, | § |
| *Plaintiff,* | § 5-21-CV-00267-OLG-RBF |
| vs. | § (CONSOLIDATED WITH 5-21-CV-274, |
| CITY OF SAN ANTONIO AIRPORT, | § 5-21-CV-275, 5-21-CV-276) |
| JAMES KNOPP,  CITY OF SAN | § |
| ANTONIO OFFICE OF RISK | § |
| MANAGEMENT, CITY OF SAN | § |
| ANTONIO, | § |
| *Defendants.* | § |

**ORDER**

Before the Court is pro se Plaintiff Michael J. Holmes's Application to Proceed in
District Court without Prepaying Fees or Costs and proposed civil Complaint. *See* Dkt. No. 1.
The Application was automatically referred for disposition pursuant to 28 U.S.C. § 636(b) and
the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving
Applications to Proceed In forma Pauperis for the San Antonio Division of the Western District
of Texas. Authority to enter this Order stems from 28 U.S.C. § 636(b)(1)(A). Holmes seeks leave
to proceed *in forma pauperis* (IFP) based on an inability to afford court fees and costs.

Having considered the IFP application and documentation provided by Holmes, the Court
GRANTS his request to proceed IFP. Dkt. No. 1. Holmes's case, however, appears to be subject
to dismissal as frivolous and for failure to state a claim on which relief may be granted.

**Factual and Procedural Background**

On March 15 and 16, 2021, Plaintiff Holmes, proceeding pro se, instituted the four
above-referenced cases, complaining about injuries he allegedly suffered stemming from a car

1

accident at the San Antonio Airport on January 12, 2020. In the interest of judicial efficiency, the cases have been consolidated for all purposes.

According to Holmes's proposed civil Complaints, *Claim* non-party Khan Khansikander crashed into Holmes after following the directions of the San Antonio Airport staff who told Khansikander to proceed. Shortly thereafter, *Claim* Holmes submitted a public-information request for the surveillance video and body camera footage that allegedly captured the incident.

*Claim* On February 11, 2020, San Antonio Assistant City Attorney James Kopp submitted a letter to the Office of the Attorney General seeking to prevent the videos from disclosure. In the *Claim/Perjury* letter, Kopp claimed that the Airport's surveillance video was exempt from disclosure pursuant to Texas Government Code §§ 552.108(b)(1), 552.101, and 418.176 through 182. Specifically, Kopp explained that releasing the video "would reveal the scope and range of view for the camera(s) in question a well as the resolution of the image, which a terrorist or other criminal could use to plan an attack or effectively plan to conceal an item undetectable by the camera's resolution." Further, according to Kopp, Holmes wasn't entitled to the body camera footage because he failed to provide the date and approximate time of the recording, the specific location of the recording, and the name of the persons who are subject to the recording in accordance with Texas Occupations Code Section 170.661(a). The status of Holmes's public information request is unclear.[1] *False but I proceded the evidence to show*

*left out information*

*Claim* On February 3, 2021, the City of San Antonio Office of Risk Management denied Holmes's claim for bodily injury. According to the City, Holmes failed to notify it of the claim within 90 days, as required by the City Charter Section 150. *Key - Information is left out of this description* *Claim* Holmes now sues (1) the City of San Antonio Airport for failing to properly direct traffic on January 12, 2020; (2) the City of San Antonio for refusing to provide Holmes with a copy of

*left information out*

---

[1] On February 28, 2020, the City informed Holmes that it closed a duplicate request for the information because the request was pending before the Office of the Attorney General. *left information out*

2

accident at the San Antonio Airport on January 12, 2020. In the interest of judicial efficiency, the cases have been consolidated for all purposes.

*claim*

According to Holmes's proposed civil Complaints, non-party Khan Khansikander crashed into Holmes after following the directions of the San Antonio Airport staff who told Khansikander to proceed. Shortly *claim* thereafter, Holmes submitted a public-information request for the surveillance video and body camera footage that allegedly captured the incident.

*claim* On February 11, 2020, San Antonio Assistant City Attorney James Kopp submitted a letter to the Office of the Attorney General seeking to prevent the videos from disclosure. In the *claim/Perjury* letter, Kopp claimed that the Airport's surveillance video was exempt from disclosure pursuant to Texas Government Code §§ 552.108(b)(1), 552.101, and 418.176 through 182. Specifically, Kopp explained that releasing the video "would reveal the scope and range of view for the camera(s) in question a well as the resolution of the image, which a terrorist or other criminal could use to plan an attack or effectively plan to conceal an item undetectable by the camera's resolution." Further, according to Kopp, Holmes wasn't entitled to the body camera footage because he failed to provide the date and approximate time of the recording, the specific location of the recording, and the name of the persons who are subject to the recording in accordance with Texas Occupations Code Section 170.661(a). The status of Holmes's public information request is unclear.[1] *False as I procded the evidence to show*

*claim* On February 3, 2021, the City of San Antonio Office of Risk Management denied Holmes's claim for bodily injury. According to the City, Holmes failed to notify it of the claim within 90 days, as required by the City Charter Section 150. *They* *Information is left out of this description*

*claim* Holmes now sues (1) the City of San Antonio Airport for failing to properly direct traffic on January 12, 2020; (2) the City of San Antonio for refusing to provide Holmes with a copy of

*left out information*

[1] On February 28, 2020, the City informed Holmes that it closed a duplicate request for the information because the request was pending before the Office of the Attorney General.

*left information out*

2

the video footage and invoking allegedly false and irrelevant exemptions to avoid disclosing the videos; (3) Assistant City Attorney Kopp for his role in signing the February 11, 2020, letter requesting the exemptions; and (4) the City of San Antonio Office of Risk Management for wrongfully denying his personal injury claim. He raises claims for negligence and various violations of the Texas Tort Claims Act. He invokes 42 U.S.C. § 1983 to assert a violation of his Fourteenth Amendment rights to equal protection, and he further pursues a claim for "perjury and other falsification" in violation of § 37.02 of the Texas Penal Code. According to Holmes, Defendants' actions have prevented him from seeking medical assistance, causing his injuries to worsen.

**Analysis**

3

**The controversy is**

The Defendant intentionally changed and modified the statement on the Plaintiffs complaint. The Defendant changed and modified the information in the Plaintiffs complaint with the intention of misleading the federal court. The Defendant knowingly made a false entry regarding the Plaintiffs complaint. The Defendant violated the Plaintiffs trust by engaging in actions of deceit and concealment of the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false statement in (any record that is kept). The Defendants action are a breach of public trust and abuse the Defendants position. The Defendant made a false statement in connection to an official proceeding.

Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or company.

Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a government document/record

Fraud is any illegal act characterized by deceit, concealment, or violation of trust.

49 CFR 1570.5- Fraud and intentional falsification of records. No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false statement in any record or report that is kept

Public Corruption is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices

Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury. The person commits perjury if the false statement is made in connection with an official proceeding. This offense, under this section is a felony of the third

degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg.,

ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

---

## **Eighth controversial Issue**

Pursunt to FRCP12(a)(1)(c) if the court order the party to reply to ananswer, that party must

reply within 21 days of being served with the order. Theon the March 30th, 2021 order the

Defendant gave the Plaintiff 14 days to respond.

requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 30th day of March, 2021.

60 Days

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

4

## The controversy is:

The Defendant is denying the Plaintiff of the Plaintiffs 14th Amendment Rights.

The Defendant intentionally changed and modified Federal guidelines.  The Defendant knowingly made a false entry regarding the Plaintiffs complaint. The Defendant violated the Plaintiffs trust by engaging in actions of deceit and concealment of the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false statement in (any record that is kept). The Defendants action are a breach of public trust and abuse the Defendants position. The Defendant made a false statement in connection to an official proceeding.

Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or company.

Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a government document/record

Fraud is any illegal act characterized by deceit, concealment, or violation of trust.

49 CFR 1570.5- Fraud and intentional falsification of records. No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false statement in any record or report that is kept

Public Corruption is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices

Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury.  The person commits perjury if the false statement is made in connection with an official proceeding.  This offense, under this section is a felony of the third

degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

---

The Plaintiff alleges that the defendant, acted under color of state law, deprived plaintiff of a right guaranteed under the United  States Constitution or a federal statue.

---

**Prayer for Relief**

Wherefore Plaintiff prays this court issues equitable relief as follows:

1.  The court issue injunctive relief ordering the Defendant to not be assigned to any cases filed by the Plaintiff.

2.  The court issue injunctive relief ordering the defendant to recuse and/or  be removed from the Civil Case # 5:21-cv-00267-OLG, 5:21-cv-00274-OLG, 5:21-cv-00275-OLG, 5:21-cv-00276-OLG.

3. The court issue a injunctive relief ordering the defendant to grant the Plaintiff, the right to have four (unconsolidated) fair and impartial trials (if the Defendant cannot be recused and or removed from the three lawsuits and denied the ability to be the judge in any new lawsuit filed by the Plaintiff).

4.The court issue a injunctive relief that grants the Plaintiff reverses the Defendants order to consolidate the four cases. These cases consolidated will cause prejudice and confusion.

5.The court issue injunctive relief ordering the removal of judicial economy from being used in the four cases.

6. The court issue a injunctive relief ordering the defendant to not violate the Plaintiffs 14th Amendment rights (if the Defendant cannot be recused and or removed from the three lawsuits and denied the ability to be the judge in any new lawsuit filed by the Plaintiff)..

7.The court issue injunctive relief ordering all orders by the Defendant are void

8. The court issue injunctive relief ordering the defendant to follow the Due Process guidelines. *Memphis Light, Gas and Water Division v Craft, 436 U.S. 1,2 (1978) (citations omitted). "The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing before being deprived of any significant protected interest"* (if the Defendant cannot be recused and or removed from the three lawsuits and denied the ability to be the judge in any new lawsuit filed by the Plaintiff)..

---

The Plaintiff request a declaratory relief detailing the rights and obligations of the Defendant before , during and after a trial. The right and obligation will not violate the Plaintiffs 14th amendment rights.

---

Declaratory relief against the Defendant is unavailable.

---

Rule 57. Declaratory Judgment  28 U.S.C. 2201 Rule 38 and 39 govern demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory relief that is otherwise

appropriate.  A declaratory relief is appropriate when it will terminate the controversy giving rise to the proceeding.  In as much as it involves only an issue of law on undisputed or relatively undisputed facts it operates frequently as a summary  proceeding justifying docketing the case for early hearing as on a motion as provided for in California  (Code Civ. Proc. (Deering, 1937)1062a) , Michigan (3 Comp. Laws(1929)13904), and Kentucky (Codes (Caroll, 1932) Civ.Pract.639a-3).

The controversy must necessarily be of a justifiable nature, thus excluding an advisory decreed upon a hypothetical state of facts,." Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325, 56 S. Ct. 466, 473, 80 L.E.d. 688, 699 (1936). Existence or non existence of any right, power , duty, liability , disability, or immunity or of any facts upon which such legal relations depend, or of a status may be declared. The Plaintiff must have a practical interest in the declaration sought. A declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case .  When declaratory relief will not be effective in settling the controversy the court may decline  to grant it, but the fact that another remedy would be equally effective affords no ground for declining declaratory relief.

The declaratory relief will state with precision the declaratory judgment desired.  The court may sua sponte, if it serves a useful purpose, grant instead a declaration of rights. Hasselbring  v Koepke, 263 Mich. 466, 248 N.W. 869, 93 A.L.R. 1170 (1933).  Written instruments, including ordinances and statutes , may be construed before or after breach at the petition of a properly interested party. The Uniform Declaratory Judgment act affords a guide to the scope and function of the Federal Act. Compare Aetna Life Insurance Co. v Haworth, 30 U.S. 227, 57S.Ct.

461 (1937); Nashville Chattanooga & St. Lousi Ryv. Wallace, 288 U.S. 249 (1933); Gully, tax

collector interstate Natural Gas Co. 82 F. (2d) 145 (C.C.A.5th 1936). Ohio Casualty ins. Co. v

Plummer, 13 F.Supp169 (S.D.Tex., 1935); Borchard, Declaratory Judgments (1934), passim.

(Cornell Law School  www.law.cornell.edu))

---

Rule 57  of the Federal Rules of Civil Procedure and Title 28, Section 2201 of the U.S. Code

govern declaratory judgments in federal court (Trellis.law).

---

Enforceability

a declaratory judgment does not provide for any enforcement however , in other words it states

the courts authoritative opinion regarding the exact nature of the legal matter.

A declaratory relief claim is normally used to obtain a judicial declaration on the rights and

duties of the Plaintiff and the Defendant.  (City of Tiburon v. Northwestern Pac. R.R. Co., 4 Cal.

App. 3d 160, 170 (1970). Declaratory Relief is not a tool to redress past wrongs, it operates to

settle controversies , before they escalate to a repudiation of obligation, invasion of rights , or the

commission of wrongs (Travers v. Louden, 254 Cal. App.2d 926, 931 (1967). (Trellis.law).

---

Declaratory relief has two elements  1) a proper subject of declaratory relief, and 2) an actual

controversy involving justifiable questions relating to the Plaintiffs or Defendants rights or

obligations. (Jolley v. Chase Home Finance LLC 213 Cal, App 4th872, 909 (2013).) Declaratory

judgments preserves a parties legal right (Osseous Technologies of America, Inc. v. Discovery Ortho PRTNERS llc, 191cAL. aPP. 4TH357, 364-365.)

Declaratory relief is appropriate when obtaining a declaration that a statute or regulation is facially unconstitutional (When the Defendant did not make a ruling on the Plaintiffs submitted petitions and put in on the minute sheet).

Benefits  of seeking a Declaratory Relief

Code of Civil Procedure 1062.3 Provides for trial setting preference over all other civil actions with certain exceptions

The Parties can resolve disputes before actual damage occurs or irreversible damage is caused by the repudiation of an agreement.

The application , intervention, validity, or constitutionality of a statue, ordinance or regulation may be clarified or resolved.

There is no statute of limitations specifically applicable for declaratory relief actions

Certain disputes that would normally be determined in several actions may be determined in one action, e.g. questions of indemnification;

Under CCP 1062 a declaratory judgment under the California Declaratory Judgment Act does not preclude a party from obtaining other appropriate relief(Simsasgovlaw.com).

An injunction is a court order requiring a person to do or cease doing a specific action. They can be issued by the Judge early in a lawsuit to stop the Defendant from continuing his or her allegedly harmful actions and failure to comply with an injunction can result in the Defendant being held in contempt of court, which in turn may result in either criminal or civil liability. See, e.g., Roe v. Wade 410US 113 (1973).

---

**Case Study**

1) In 2015-2016, City of El Paso's Internal Audit Office assisted TX in reviewing the expenditures on the selective Traffic Enforcement Program award to the City Of EL Paso. After a detailed audit, 24 El Paso Police officers were identified that might have violated the STEP Grant Guidelines. 24 officer were referred to El Paso County District Attorney's Office. 17 Officers were indicted by the District Attorney's Office. The 17 officers were charge with "Falsifying a Government Document" for listing false information on the Daily Log Sheets used to report their overtime. The items identified as falsified including the following a) Hours worked, b) units used, c) location d) Old Ticket, e) Equipment used. The EPPD lost 17 highly trained Police Officers. The City of EL Paso received $38,677.25 in restitution, and numerous daily newspaper articles were written and TV shows were done on the incident(TACA Annual Conference Falsification of a Government Document).

---

**References:**

1. **Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); and Abagninin v. AMAVAC Chem. Corp., 545 F.3d 733,742-43 (9th Cir.2008)** which states the court's authority includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared.

The Plaintiff was unable to find the Defendants home address. The Defendant serve the Defendant via mail at  (1) 350 West 1st Street, Court room 6A, 6th floor, Los Angeles, California, 90012-4565 (2) Clerk Of  Court 255 E. Temple Street, Suite TS-134, Los Angeles, CA 90012-3332.

The Plaintiff prays the case is not dismissed if the Defendant fails to respond. The Plaintiff will have documents that show the day and time the documents were served to all locations.

2. Zumani v Carnes, 491 F.3d 990, 996 (9th Cir.2007) (internal quotation marks and citation omitted).  When considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it . Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court, however, does not have to accept as true allegations that are unwarranted deductions of facts, or unreasonable inferences. In re Gilead Scis.Sec.Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) states although a complaint does not need to include factual allegations, it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on it face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quaoting reference Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is deemed facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."This claim provides

sufficient information of underlying facts to give fair notice and to enable the Defendant to defend effectively (Starr v. Baca, 652 F.3d 1202, 1216 ((9th Cir.2011)).

The Plaintiff has provided the Defendant the facts on every controversial claim.

3.Lopez vs Smith 203.f3d 1122, 1126-30 (9th Cir.2000). In the result where the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected , especially if the plaintiff is pro se. ID. at 1130-31; see also Cato v. United States, 70 F3d 1103, 1106 (9th Cir.1995).

The Plaintiff prays, that if there is something that is not correct in this complaint, that the court will allow the Plaintiff to amend it. The Plaintiff is working hard trying to make this process go smoothly for the court. Please give the Plaintiff the opportunity to amend anything that is not correct.  "Woods v. Carey, 525 F.3d 886,889-90 (9th Cir.2008) (citation omitted).

4.Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) ; Edelman v. Jordan, 415 U.S. 651 (1974); Ex Parte Young, 209 U?.S. 123 (1908). State officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injective relief).

5.  42 U.S.C. 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  In order for a Plaintiff to make a claim for a civil rights violation under section 1983, the Plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United  States Constitution or a federal statue.

6.Swarthout v. Cooke, 562 U.S. 216,219 (2011). The analysis of due process "proceeds in two ways: We first ask whether there exists a liberty or property interest of which a person has been deprived , and if so we ask whether the procedures followed by the estate were constitutionally sufficient."

7.City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "The Equal Protection Clause of the fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarity situated should be treated alike (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982).

Following the Due Process guidelines is a law the Defendant did not follow for the Plaintiff.

8.FED.R.CIV.P.8(a),(d) (a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and " each allegation must be simple, concise, and direct").

Short statement- The Defendant has caused a controversy by violating the Plaintiffs Fourteenth Amendment, equal protection rights, during a pending lawsuit.  The defendant actions  are controversial, with four pending lawsuit that each have different controversial claims.
Requested Relief- Injunctive Relief, Declaratory Relief

9.Broadman v. Commission on Judicial Performance (1998) 18 Cal.4th 1079, 1090 [77 Cal.Rptr.2d 408, 959P.2d 715] (Broadman).)" Evidence of a charge is clear, and convincing so long as there is a 'high probability' that the charge is true."

**Reference:  Judges Held Accountable**

1) **Judge Kelly A. MacEachern**

Orange County Superior Court since 2003

Charged with making false and misleading statements

Commission on Judicial Performance ordered that the judge be removed from her judicial office and disqualified from acting as a judge.

2) **Judge James M. Brooks**

Orange County Municipal Court since 1986

(Haluck v. Ricoh Electronics, Inc. (2007) 151 Cal.App.4th 994.)

Misconduct committed while presiding over the trial:

a) "Overruled" signs

b)The Twilight Zone

The judge gave free rein to the defendant lawyer to deride and make side remarks at will, at the expense of the Plaintiff, which violates canon 3b(3).

c) Comments During the reading of Stevenson Deposition

Commission on Judicial Performance ordered public admonishment

3) **Judge Moruza**

Alameda County Superior Court

Misconduct committed while presiding over the trial:

a) Comments in People v. Rupple

Commission on Judicial Performance ordered public admonishment

**4) Judge Coats**

San Diego County Superior Court

Misconduct committed:

1 Judge Coats ' Prior Discipline and Guidance

2) Judge Coats' Abuse of the Prestige of Judicial Office and Misuse of Court Resources

Commission on Judicial Performance ordered public admonishment

**5) Judge O 'Flaherty**

Placer County

Misconduct Committed in case: Herold v. Golden 1 Credit Union (Super. Ct. Placer County, No. RSC13621)

Commission on Judicial Performance ordered public censure

1)Finding concerning the hearing before Judge O'Flaherty

2)Finding Concerning Evidence of Threats or Intimidation

3) Finding concerning Issuance of an order

4) Findings Concerning Embroilment and Due Process Violation

5) Prior Discipline

6) Willful misconduct: Un judicial conduct that is committed in bad faith by a acting judge in their judicial capacity.(Broadman, supra, 18 CAl.4th at p. 1091.)

7) Failure to comply with the California Code of Judicial Ethics canons of judicial ethics is generally considered to constitute un judicial conduct. (Adams v. Commission of Judicial Performance(Adams)(1994) 8 Cal.4th 630, 662 [34 Cal.Rptr.2d 641, 882 P.2d 358].) The judge violated canons 1( a judge shall uphold the integrity of the judiciary), 2A (a judge shall respect and comply with the law), 3B(2) ( a judge shall be faithful to the law and 3B(7) (a judge shall accord every person who has a legal interest in the preceding the right to be heard.

8) Judge acts in bad faith (1)performing judicial acts knowing that that act is beyond the judges lawful judicial power

Respectfully Submitted

Michael Holmes

1431 Delgado Street

San Antonio, TX 78207

(626) 373-4331

**Statement of Verification**

I have read the above complaint and it is correct to the best of my knowledge.

Michael Holmes

1431 Delgado Street

San Antonio, TX 78207

(626) 373-4331


Michael J. Holmes

2961 E. Hillside Drive

West Covina, CA 91791

(626) 373-4331

Plaintiff Pro Se Litigant